(Reap. Dec. 11074)

SAM YEUNG CO. ET AL v. UNITED STATES

Entry No. 950241, etc.

(Decided September 29, 1965)

*Lane, Young & Fox* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule A, attached to and made a part hereof, have been submitted for decision on the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court:

That the merchandise covered by the above appeals for reappraisement consists of canned bamboo shoots and water chestnuts, whole, sliced, or diced, packed in cases or cartons, exported from Taiwan subsequent to February 27, 1958.

That the said merchandise is not included in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that said merchandise was entered for consumption subsequent to February 27, 1958.

That the merchandise and issues involved herein are the same in all material respects as those involved in *Sam Yeung Co.* v. *United States*, Reap. Dec. 10864; and that the record in said case may be incorporated in and made a part of the record herein.

That on or about the date of exportation of the said merchandise, the prices at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Taiwan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoice unit values, per case or per carton, net packed.

IT IS FURTHER STIPULATED AND AGREED that the above appeals for reappraisement may be deemed to be submitted for decision upon this stipulation.

In *Sam Yeung Co.*, *supra*, the merchandise included canned water chestnuts that were whole and also canned water chesnuts that were sliced. There were no diced water chestnuts, as there are here. I find that this is not a material difference.

Accepting the stipulation as an agreed statement of facts, and on authority of the decision cited therein, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for determining value of the canned bamboo shoots and water chestnuts, whole, sliced, or diced, packed in cases or cartons, described on the invoices of the schedule A appeals, and that such values are the invoice unit values, per case or per carton, net packed, as shown on the invoices which are included in the official papers filed with the court in the several suits.

As to all other merchandise, these appeals to reappraisement are dismissed.

Judgment will be entered accordingly.